```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re                               :
                                    :
                                    :        Chapter 11
     GT BRANDS HOLDING LLC, et al.  :
                                    :
                 Debtors.           :   Case No. 05-15167(PCB)
                                    :
------------------------------------x
```

APPEARANCES:

GOODWIN PROCTER LLP
Attorneys for the Debtors
599 Lexington Avenue
New York, New York 10022
By:  Allan S. Brilliant, Esq.
     Leonard F. Lesser, Esq.

ROBERTS & GRANT, P.C.
Attorneys for the Benji Entities
The Centrum
3102 Oak Law Avenue, Suite 700
Dallas, Texas 75219
By:  T. Glover Roberts, Esq.

HAYNES AND BOONE LLP
Attorneys for the Gaiam
600 Congress Avenue, Suite 1300
Austin, Texas 78701
By:  Sarah B. Foster, Esq.


BEATTY, PRUDENCE CARTER, U.S.B.J.

## MEMORANDUM DECISION

The Debtors in these cases filed their chapter 11 petitions on July 11, 2005. At the time the Debtors filed their petitions they announced that they would be selling all their assets. Since that time they undertook to solicit bid for their assets and determined that the highest and best bids came from Gaiam.

The Debtors assets consist of infomercials designed to sell principally exercise tapes.  The Debtors also have a large library of films that are being sold through such stores as Wallmart and Target.

The owners of the Benji Catalog copyright as well as the Benji Off the Leash copyright (collectively "the Benji Entities") objected to the assignments of their contracts. Those contracts are essential to the Debtors' being able to close the deal with Gaiam as they have designated as must haves under the Gaiam contract.

On August 28, 2005, this court held an evidentiary hearing.  On the objection, the president of Gaiam testified.  The questioning was headed by the company's lawyer.  Her testimony was convincing that Gaiam has the capacity to move into this relatively new area of business of family friendly and childrens' films and they have made adequate plans to have the money necessary to make the distributions.  As well Gaiam plans to retain the personnel of the Debtors that are viewed as essential to the operation in a New York office. (Gaiam has its headquarters in Broomfield, Colorado)

This court is satisfied that adequate protection has been shown.

The major issue comes down to whether the license agreements should be viewed as exclusive or non-exclusive agreements.  The case law states that in a bankruptcy case, nonexclusive licenses

may not be assigned but exclusive license can be assigned. <u>See In re Patient Education Media, Inc</u>., 210 B.R. 237,241 (Bankr. S.D.N.Y. 1997); <u>In re Golden Books Family Entertainment</u>, Inc. 269 B.R. 311, 318 (Bankr. Del. 2001); <u>see also</u> 17 U.S.C.A. §106.

The definition of exclusive and non-exclusive seem somewhat paradoxical. However, an exclusive license is one which gives exclusive right in any aspect of the copyright. In this case, the agreements with the Benji Entities give an exclusive right to use the films in a specified territory for a specified period of time. That is sufficient to constitute and exclusive license. Therefore the court concludes that both license are exclusive and can be assigned.

Finally, this court raised an issue as too whether or not the agreements were complete. There is no question that the first agreements under which the Debtors have been performing contains sufficient terms to allow the parties to perform and monitor performance. However, both of the agreements provide that a second agreement was to be executed. The exact terms of the second agreements are uncertain but certainly would include such things as the termination or breach of contracts, defaults, and what state law governs the agreement. Neither party prepared the second agreement nor seems to have felt that it was important. The only place other than the end that refers to the agreement is the term and conditions of the agreement, which provides that "the parties agree to execute and deliver two long

form agreements incorporating the respective terms outlined above."  <u>See</u> *Terms and Conditions Agreements between GT Merchandising & Licensing LLC and Mulberry Square Release Inc.*, dated June 17, 2004.  This court has concluded that although there is no second agreement that should the Benji Entities or Gaiam wish such an agreement it would still be in their power to cause such an agreement to be prepared and executed.  It is this court's view that the second agreement must have intended to include the details not needing substantial negotiations.

It is So Ordered.


Dated: New York, New York
       September 2, 2005

<u>**/s/ Prudence Carter Beatty**</u>
United   States   Bankruptcy   Judge