**LINER YANKELEVITZ SUNSHINE
& REGENSTREIF LLP**
1100 Glendon Ave., 14th Floor
Los Angeles, California 90024
(310) 500-3500
Leslie A. Cohen (CA Bar #93698)
Sam A. Kozhaya (CA Bar #217265)

and

**BUCHANAN INGERSOLL PC**
One Chase Manhattan Plaza, 35th Floor
New York, NY 10005-1417
(212) 440-4400
Mark S. Lichtenstein (MSL 0495)


ATTORNEYS FOR CLASSIC MEDIA, INC.

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x

| | : | Chapter 11 |
|---|---|---|
| **In re** | : | |
| | : | Case No. 05-15167-(PCB) |
| | : | |
| **GT BRANDS HOLDINGS LLC, <u>et al.</u>,** | : | |
| | : | Jointly Administered |
| | : | |
| **Debtors.** | : | |

------------------------------------------------------- x

**REQUEST OF CLASSIC MEDIA, INC. FOR PAYMENT OF ADMINISTRATIVE
EXPENSE CLAIMS**

Classic Media, Inc. ("Classic"), by and through its undersigned counsel, hereby files this request for payment of administrative expense claims against all of the debtors in the above referenced jointly administered bankruptcy case (the "Debtors1") in order to be paid on its

---

[1] The Debtors include: GT Brands Holdings LLC, Bk. No. 05-15167-(PCB); GT Brands LLC, Bk. No. 05-15168-(PCB); GT Merchandising & Licensing LLC, Bk. No. 05-15169-(PCB); GymTime LLC, Bk. No. 05-15171-(PCB); BSBP Productions LLC, Bk. No. 05-15172-(PCB); GoodTimes Entertainment LLC, Bk. No. 05-15173-(PCB); and Tessro LLC, Bk. No. 05-15174-(PCB).

liquidated post-petition claims and to preserve for determination, allowance and payment of any and all of its unliquidated post-petition claims against the Debtors, and in support hereof, respectfully states the following:

1. On or about December 22, 2005, the Court entered an Order Pursuant to Bankruptcy Rule 3003(c)(3)(I) Fixing Final Date for Filing Proofs of Claim and Certain Administrative Expense Claim Requests, (II) Approving Proposed Bar Date Notices, and (III) Approving Proposed Notice and Publication Procedures (the "Bar Date Order").

2. The Bar Date Order provides that any person or entity that asserts a claim for payment of costs or expenses of administration specified in sections 503(b) and 507(1) of the Bankruptcy Code must file a request for administrative expense (an "Administrative Expense Claim Request") on or before February 1, 2006 (the "Bar Date").

3. The Bar Date Order provides that each Administrative Expense Claim Request must, among other things, state the name of the claimant and the nature of the claim or interest of such party, specify the name and case of each Debtor against which the Administrative Expense Claim is filed, set forth with specificity the grounds for the claim, and include a claim amount denominated in United States dollars.

4. Classic has certain claims against Debtors arising from executory contracts with the Debtors pertaining to the character "Rudolph the Red Nosed Reindeer" (the "Rudolph License"). See Exhibit "1." As more fully described in below and in Exhibit "2", Classic's known, liquidated administrative claims (NOT including additional amounts not yet liquidated) are in the amount of $177,001.69, plus additional amounts to be determined.[2]

5. The Debtors have breached a number of obligations to Classic, including but not limited to the obligation to provide periodic accounting of revenues generated and payment of royalties from the exploitation of the Rudolph License.

---

[2] Classic reserves its rights to request payment of all cure costs associated with the Rudolph License in the event that the Debtors assume the Rudolph License is assumed.

6. Additionally, the Debtors are in breach of the stipulation dated November 28, 2005, by failing to 1) pay amounts due upon the sale of inventory to Wal-Mart; 2) deliver certain intellectual property; and 3) provide copies of all business records, merchandising agreements and product samples relating to the assigned intellectual property and product samples relating to merchandising agreements. Thus, the intellectual property or its value is due and owing on an administrative basis, together with fees and costs incurred in enforcing the Stipulation.

7. The Debtors have continued, on a post-petition basis, to breach their obligations and violate the rights of Classic by exploiting the Rudolph License and failing to pay Classic the amounts due under the Rudolph License. Additional amounts are due on an administrative basis for these breaches.

8. Due to the Debtors' refusal to provide financial information, Classic is presently unable to determine the entire amount of money owed to it for the post-petition claims.

9. As part of the claims allowance process, in order to determine the amounts owed as described above, Classic will need to take discovery of the Debtors' books and records. Fundamental information about revenues and expenses, which would permit Classic to calculate the profits and other damages to which they are entitled but have never received, remains in the exclusive control of the Debtors.

10. Due to the Debtors' failure to account as required under the Rudolph License, Classic is unable to submit by the bar date its entire Administrative Expense Claim Request and based on Debtors' failure to account as Debtors are obligated to do, which would set forth the full liquidated claim amount. Classic therefore files this Request for Payment as a protective measure so that it is clear that Classic has not waived its right to full payment of post-petition claims. Once such claims become liquidated, they should also be paid on an administrative priority basis.

Dated: New York, New York
February 1, 2006

Respectfully submitted,

**LINER YANKELEVITZ SUNSHINE
& REGENSTREIF LLP**
1100 Glendon Ave., 14th Floor
Los Angeles, California 90024
(310) 500-3500
Leslie A. Cohen (CA Bar #93698)
Sam A. Kozhaya (CA Bar #217265)

and

**BUCHANAN INGERSOLL PC**

By /s/Mark S. Lichtenstein
One Chase Manhattan Plaza, 35th Floor
New York, NY 10005-1417
(212) 440-4400
Mark S. Lichtenstein (MSL 0495)